James ALCORN and Todd Allen, Appellants,

v.

WASHINGTON MUTUAL BANK, F.A., Appellee.

No. 06–02–00137–CV.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 27, 2003.

Decided July 3, 2003.

James Alcorn and Todd Allen, for appellants.

John D. Herberger, McCloskey & Herberger, Houston, for appellee.

Before MORRISS, C.J., ROSS and CORNELIUS,* JJ.

## OPINION

Opinion by Justice CORNELIUS (Retired).

James Alcorn and Todd Allen appeal an adverse summary judgment rendered by the trial court against them in their suit against Washington Mutual Bank, F.A. Alcorn and Allen sued the bank for debt, breach of contract, and violation of truth-in-lending laws. The bank answered with a general denial and a counterclaim seeking recovery on a promissory note and foreclosure of a lien on a house owned by Alcorn and Allen.

These are the facts giving rise to the litigation: Alcorn and Allen decided to take out a home equity loan to obtain money for certain expenditures, including some repairs on their house. They negotiated the loan with Long Beach Mortgage Company. They executed a Texas Home Equity Note [1] which provides that they borrowed $80,000.00 from Long Beach Mortgage Company and promised to repay the loan in certain installments with interest. On the same day, both Alcorn and Allen signed a security agreement grant-

---

* William J. Cornelius, C.J., Retired, Sitting by Assignment.

1. Alcorn signed the note and is designated in the note as "Borrower." Long Beach Mortgage Company is designated as "Lender." Allen did not sign the note, but he testified in his deposition that he initialed the note with Alcorn's knowledge and consent, and that he intended to be fully obligated on the note.

ing Long Beach Mortgage Company a security interest in their house to secure the note for the $80,000.00 loan. Alcorn and Allen received the amount of the loan, less certain loan expenses, in the form of a check. They cashed the check and received the proceeds.

Alcorn and Allen paid the note installments for some time, but eventually stopped making the payments because they came to believe that, legally, the home equity note did not represent a loan from Long Beach Mortgage Company to them, but instead represented money that was "created" for their own account by their signatures, so the money represented by the note was theirs from the beginning and Long Beach Mortgage Company owed the money to them instead of their owing it to the mortgage company.

When Alcorn and Allen stopped paying the note installments, the bank, which had acquired the note and security interest, accelerated the note payments and took steps to foreclose its lien on the house. Alcorn and Allen then brought suit against the bank, contending that the bank owed them the $80,000.00 plus interest rather than their owing the bank, as the note and security agreement provide. The bank counterclaimed, seeking to recover the amount due on the note and to foreclose its lien on the house.

Alcorn and Allen filed a motion for summary judgment. The bank responded, and then filed its own motion for summary judgment, supported by affidavits, copies of material documents, and excerpts from deposition testimony by Alcorn and Allen. Alcorn and Allen responded to the bank's motion for summary judgment. They had attached some affidavits to their own motion for summary judgment, and they re-filed them with their response to the bank's motion for summary judgment. Ultimately, the trial court granted the bank's motion for summary judgment and denied Alcorn and Allen's motion for summary judgment. The judgment granted the bank a recovery on the note and a foreclosure of its security interest in the home.

Alcorn and Allen have appealed. They raise several points in their brief, which we have grouped for discussion because they raise generally only two contentions: (1) the bank failed to respond to certain discovery requests and a subpoena duces tecum, thus effectively preventing Alcorn and Allen from going to trial before a jury, and (2) although they do not specifically raise this contention in their points, we deem, in the interest of justice, that they contend the trial court erred in granting the bank's motion for summary judgment. We overrule all these contentions and affirm the judgment.

■ The items that Alcorn and Allen allege were not produced in discovery are completely irrelevant to any material issue in this case, because all of those items are relevant only to Alcorn and Allen's patently unmeritorious legal theory that fails to state any claim to relief under the facts of this case. Alcorn and Allen take the position that, when they executed and delivered the home equity note to Long Beach Mortgage Company, the note did not evidence a debt from them to the mortgage company, but instead "created" money belonging to them that they do not owe to anyone. This is a legally erroneous concept that is apparently based on Alcorn and Allen's misinterpretation of some information they discovered in a publication issued by the Federal Reserve System.

■ When a person executes a promissory note, the note constitutes a written promise by the maker to pay the amount specified in the note to the payee named in the note. TEX. BUS. & COM.CODE ANN. § 3.104(a), (b) (Vernon 2002); *Wexel v.*

*Cameron, Grier & Co.,* 31 Tex. 614, 617 (1869); *Texmarc Conveyor Co. v. Arts,* 857 S.W.2d 743 (Tex.App.-Houston [14th Dist.] 1993, writ denied); *Mauricio v. Mendez,* 723 S.W.2d 296, 298 (Tex.App.-San Antonio 1987, no writ); *see also* TEX. BUS. & COM. CODE ANN. § 26.02(a)(2) (Vernon 2002). Indeed, Alcorn and Allen specifically acknowledged in writing in the note they executed that, "This is an extension of credit.... In return for a loan that I have received, I promise to pay U.S. $80,000.00 ... to the order of the Lender." Furthermore, they acknowledged in the security agreement they executed that, "Borrower owes Lender the principal sum of EIGHTY THOUSAND and NO/100—Dollars ($80,000.00). This debt is an extension of credit ... and is evidenced by Borrower's note dated the same date as this Security Instrument...."

The trial court did not abuse its discretion in refusing to require the bank to produce the alleged missing discovery items identified by Alcorn and Allen because the bank provided its complete loan file to Alcorn and Allen containing all the documents that were relevant to this case. The requested "missing" items were irrelevant because they relate only to a completely spurious and legally incorrect claim.

■ Alcorn and Allen contend that the trial court erroneously refused to compel the bank to produce a "credible witness" for deposition and enforce a subpoena duces tecum for certain discovery items. We point out that the bank produced the witness requested, who gave a deposition. The determination of whether a witness is credible is for the fact-finder, not the party taking or opposing the deposition. Moreover, as noted above, the items allegedly missing from the subpoena duces tecum were completely irrelevant to the disposition of this case.

■ The trial court correctly granted summary judgment to the bank because the undisputed summary judgment evidence established the following facts:

1. Alcorn and Allen borrowed $80,000.00 as a home equity loan from Long Beach Mortgage Company and executed and delivered a home equity promissory note evidencing the loan and a security agreement granting Long Beach Mortgage Company a security interest in the real estate described in the security agreement.

2. At the time of suit, Washington Mutual Bank, F.A., was the owner and holder of the aforesaid note and security interest.

3. The loan that is the subject of this suit was closed at Lakewood Land Titles, Inc., by Ms. Patricia Fox, closing agent for Lakewood Land Titles, Inc.

4. Alcorn and Allen received loan proceeds in the sum of $72,151.58, by check #003489, from Lakewood Land Titles Bank, representing the $80,000.00 loan, less loan costs. Long Beach Mortgage Company furnished the funds for check #003489 by wire transfer to Lakewood Land Titles Bank.

5. Alcorn and Allen cashed check #003489 and received and appropriated to their own use the funds represented by said check.

6. The loan described above was in default. Alcorn and Allen received notice of the default and failed to cure the default.

7. The note payments were accelerated, and at the time of judgment there was due the principal sum of $79,824.45 plus interest and accrued charges of $6,916.03, with additional interest accruing from April 5, 2002, at $24.03 per day.

8. The bank has expended $17,962.55 in attorney's fees which were reasonable and necessary.

Because Tex. Const. art. XVI, § 50(a)(6)(C) and the home equity note involved here provide that the makers of the note shall have no personal liability on the note, but it shall be enforced against the security only, we modify the summary judgment rendered by the trial court to substitute the following paragraph 2 for that included in the original summary judgment:

"2. The amount outstanding and owing to Washington Mutual Bank, F.A., on the promissory note in question is in the principal amount of $79,824.45 plus accrued interest of $6,916.03 through May 3, 2002, together with per diem interest thereafter at the rate of $24.03 per day until paid; provided that James Alcorn and Todd Allen have no personal liability as to the amounts specified in this paragraph 2 and paragraphs 4, 5, and 6 of this judgment, but as to which the Bank's lien on the real property hereafter described is valid, existing, and enforceable."

As noted earlier, Alcorn and Allen filed a response to the bank's motion for summary judgment, but supported their response by only conclusory allegations of erroneous legal theories rather than material fact issues.

The trial court's denial of Alcorn and Allen's motion for summary judgment was correct for the same reasons that Alcorn and Allen's response to the bank's motion for summary judgment was ineffectual— the allegations supporting their motion did not present material facts, but only conclusory statements and allegations of various erroneous legal theories of recovery.

The bank asks us to assess damages against Alcorn and Allen for filing a frivolous appeal. Although we have the authority to do so under Tex.R.App. P. 45, we elect not to do so in this case.

For all these reasons, as modified, we affirm the summary judgment.